IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE LEE SIMMONS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-0855 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Joe Lee Simmons, a state inmate proceeding *pro se*, challenges his state felony conviction under 28 U.S.C. § 2254. Respondent filed a motion for summary judgment (Docket Entry No. 8), to which petitioner responded (Docket Entry No. 14).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **GRANTS** summary judgment and **DISMISSES** this action.

### I. PROCEDURAL BACKGROUND

Petitioner, proceeding *pro se* during all pretrial, trial, appellate, and post-conviction proceedings, was convicted of possession of a controlled substance, namely cocaine, and sentenced to fifty-five years incarceration. The conviction was affirmed on appeal. *Simmons v. State*, 288 S.W.3d 72 (Tex. App. – Houston [1st Dist.] 2009, pet. ref'd). The Texas Court of Criminal Appeals refused discretionary review and denied petitioner's application for state habeas relief. *Ex parte Simmons*, Application No. 64,720-02.

Petitioner raises the following habeas grounds in the instant petition:

1. The State committed prosecutorial misconduct by:

   a. presenting perjured testimony;

   b. presenting a false, altered photograph to the jury;

   c. presenting false testimony regarding chemical analysis of the cocaine; and

   d. suppressing exculpatory evidence.

2. There is no evidence, or only insufficient evidence, to support the conviction.

Respondent argues that all of these claims have been procedurally defaulted and are barred from consideration by this Court.

## II. THE APPLICABLE LEGAL STANDARDS

A. Habeas Review

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a

set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330–31.

B.  <u>Summary Judgment</u>

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as

a matter of law. FED. R. CIV. P. 56. Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, such findings must be accepted as correct by the federal habeas court. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### III. FACTUAL BACKGROUND

In affirming petitioner's conviction on direct appeal, the state appellate court set forth the following statement of facts in its opinion:

> On November 5, 2003, Officer T. Carr of the Houston Police Department was patrolling a high crime area of Houston in his police cruiser. Officer Carr noticed appellant standing in a moving lane of traffic. The officer then saw appellant 'littering pieces of paper on the street.' After pulling into a parking lot, Officer Carr approached appellant and asked appellant for identification. Appellant told Officer Carr that he did not have identification.

4

> Officer Carr explained to appellant that, because appellant did not have identification, the officer could not issue a written citation to appellant for improperly disposing of the paper. Instead, police department policy required the officer to arrest appellant for the 'littering' violation. At that point, Officer Carr placed appellant under arrest. Officer Carr then conducted a search of appellant incident to arrest. In appellant's shirt pocket, the officer found appellant's Texas identification card and a bottle containing a substance later determined to be cocaine.
>
> Appellant filed a motion seeking to suppress the evidence recovered as a result of Officer Carr's search. Following a evidentiary hearing, the trial court denied appellant's motion.

*Simmons*, p. 74.

## IV. PROCEDURAL DEFAULT AND BAR

Respondent correctly argues that, because the claims raised in this federal petition were not presented to the state courts in a procedurally proper manner, they are now procedurally defaulted and barred from consideration by this Court.

Under 28 U.S.C. § 2254(b)(1)(A), a state prisoner's federal habeas petition will not be granted unless he has exhausted his available state court remedies. In order to satisfy the exhaustion requirement, a claim must be presented to the highest court of the state for review. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state which has jurisdiction to review a petitioner's conviction. TEX. CODE CRIM. PROC. art. 44.45. To proceed before that court, a petitioner must either file a petition for discretionary review or an application for post-conviction habeas relief. However, a petitioner must have not only presented his claims to the highest state court, but he must have presented them in a procedurally correct manner.

*Castille v. Peoples*, 489 U.S. 346, 351 (1989). When a petitioner raises a claim in a procedural context in which its merits will not be considered, he has not "fairly presented" the claim to the state courts and, therefore, has not satisfied the statutory exhaustion doctrine. *Id.*; *Satterwhite v. Lynaugh*, 886 F.2d 90, 92–93 (5th Cir. 1989).

On direct appeal, petitioner complained of the trial court's denial of his motion to suppress, trial court error in admitting the testimony of the State's forensic chemist, and trial court error in permitting the amendment of an enhancement paragraph in the indictment. Claims for prosecutorial misconduct and insufficiency of the evidence were not raised.

Petitioner then presented his prosecutorial misconduct and insufficiency of the evidence claims to the state courts through collateral review. In denying petitioner's claims, the trial court made the following findings:

1. The applicant's challenge to the sufficiency of the evidence is not cognizable in post-conviction habeas proceedings.

2. The applicant cannot use habeas proceedings to litigate issues that should have been raised on direct appeal, such as his allegation of prosecutorial misconduct.[1]

3. Issues raised and rejected on direct appeal need not be reconsidered in habeas.

*Ex parte Simmons*, p. 90 (citations omitted).

---

[1] Although the trial court referred to "allegation of prosecutorial misconduct" in the singular, it was apparently referring to all of petitioner's prosecutorial misconduct claims, as the trial court did not address the merits of any of the claims.

Thus, although petitioner raised these claims on state habeas review, the trial court found that the claims should have been raised on direct appeal and were defaulted. *See Ex parte Banks*, 769 S.W.2d 539, 540 (Tex. Crim. App. 1989). Because these defaulted claims are now procedurally barred under state law, the federal procedural default doctrine precludes federal habeas review at this juncture. *See Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (finding unexhausted claim, which would be barred by the Texas abuse of the writ doctrine if raised in a successive state habeas petition, to be procedurally barred).

Where, as here, a state court has explicitly relied on a procedural bar, a state prisoner may not obtain federal habeas relief absent a showing of cause for the default and actual prejudice attributable to the default or that the federal court's failure to consider the claim will result in a miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). A miscarriage of justice in this context means that the petitioner is actually innocent of the crime for which he was convicted. *Sawyer v. Whitley*, 505 U.S. 333, 339–40 (1992).

Petitioner does not argue or establish cause and prejudice for his default of these claims, nor does he present probative summary judgment evidence of his innocence. His general allegations of exhaustion and actual innocence are conclusory, unsupported in the record, and insufficient to raise a genuine issue of material fact precluding summary judgment.

7

Petitioner's federal habeas claims are procedurally barred from consideration by this Court, and respondent is entitled to summary judgment dismissal of petitioner's claims.[2]

## V. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 8) is **GRANTED**. The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED** as moot.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 17th day of January, 2012.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[2] It is unclear from the state court record whether petitioner raised, or attempted to raise, a legal insufficiency challenge on collateral review. To any extent that petitioner's insufficiency claim may have raised a viable state habeas claim that was not procedurally defaulted, this Court has reviewed the evidence under *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), and finds it sufficient to support the conviction.